United States District Court
Middle District of Pennsylvania
Harrisburg Division

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION** <br><br> *Plaintiff*, <br><br> v. <br><br> **ROBERT TORRES, in his official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as the Commissioner of the Bureau of Commissions, Elections, and Legislation** <br><br> *Defendants*. | No. 1:18-cv-00463-CCC |

**Plaintiff Public Interest Legal Foundation's**
**Consent Motion for Leave to File Sur-Reply**

Plaintiff Public Interest Legal Foundation (the "Foundation") respectfully moves for leave of court to file a sur-reply in response to Defendants' Reply Memorandum in Further Support of Motion to Dismiss (Dkt. 17).

**I.     Local Rule 7.1 Certification**

Pursuant to Local Rule 7.1, counsel for the Foundation sought concurrence in the motion from counsel for Defendants. The Foundation is authorized to state that Defendants concur in the Foundation's request for leave to file the attached

1

brief and exhibits. Should Defendants seek leave to file a memorandum in response to the Foundation's sur-reply, the Foundation concurs with that request.

## II. Grounds for the Foundation's Request for Leave

Leave should be granted to allow the Foundation to present new evidence not available to the Foundation by the deadline to file its memorandum in response to Defendants' Motion to Dismiss (Dkt. 14). The newly discovered evidence addresses and contradicts legal and factual assertions made by Defendants for the first time in their reply memorandum and will therefore assist the court in resolving Defendants' Motion to Dismiss. For these reasons, leave to file the attached sur-reply is warranted.

This Court's local rules require permission to file memoranda beyond those permitted by the rules. M.D. Pa. L.R. 7.7. "It is fully within this Court's discretion to grant leave to file a Surreply where, as here, it includes information that enables this Court to more fully and fairly decide a particular issue." *Walsh v. Irvin Stern's Costumes*, No. 05-2515, 2006 U.S. Dist. LEXIS 2120, at *36-37 (E.D. Pa. Jan. 19, 2006); *see also Iseley v. Beard*, No. 1:CV-02-2006, 2010 U.S. Dist. LEXIS 30677, at *7-8 (M.D. Pa. Mar. 30, 2010) (granting leave to file sur-reply to "allow Defendants the opportunity to address the claim raised … [in the] reply brief").

Plaintiff's response to Defendants' Motion to Dismiss was due on April 18, 2018. (Dkt. 14.) On April 27, 2018, the Pennsylvania Department of State released

2

a statement to the media concerning its activities to identify and remove noncitizens who are registered to vote (hereafter, the "Statement," attached as Exhibit A). The Statement explains that prior to the end of 2017, "an intense data analysis and process was conducted that yielded a responsible list of individuals for whom voter registration status required further confirmation." Exhibit A at 1. The Statement continues, "As a result of that work, the Department of State is mailing the attached letter today to 7,702 individuals whose citizenship status merits further due diligence." *Id*. A copy of the letter referenced in the Statement is attached as Exhibit B.

Defendants reply memorandum was filed on May 2, 2018, (Dkt. 17), five days *after* the Defendants mailed letters to 7,702 registrants suspected of having issues with their citizenship status as it relates to voter registration. Despite full knowledge of these activities, Defendants state in their reply brief that they possess "no documents" concerning "communications with registrants and third parties concerning cancellation of non-citizen registrants." (Dkt. 17 at 12 n.8.) Defendants further state that "the Commonwealth does not have a systematic removal program regarding non-citizens and therefore there are no documents responsive to PILF's request for such records." (*Id.*)

The Statement, along with the attached letter (Exhibit B), contradict Defendants' claims regarding the existence and scope of responsive records and

Defendants' activities concerning voter list maintenance. Because the Statement and the letter were unavailable to the Foundation prior to the date its responsive memorandum was due, it could not have addressed them or presented them to the Court. This Court should therefore grant the Foundation's motion for leave and accept for filing the attached sur-reply.

Dated: May 8, 2018

Respectfully submitted,

For the Plaintiff Public Interest Legal Foundation:

        Linda A. Kerns, Esquire
        LAW OFFICES OF LINDA A. KERNS, LLC
        1420 Locust Street – Suite 200
        Philadelphia, PA 19102
        PA Atty ID 84495
        Tel: (215) 731-1400
        Fax: (215) 701-4154
        linda@lindakernslaw.com

        /s/ Noel H. Johnson
        J. Christian Adams (Va. Bar # 42543)*
        Noel H. Johnson (Wis. Bar # 1068004)*
        Attorneys for Public Interest Legal Foundation, Inc.
        32 E. Washington St.
        Ste. 1675
        Indianapolis, IN 46204
        Tel: (317) 203-5599
        Fax: (888) 815-5641
        adams@PublicInterestLegal.org
        njohnson@PublicInterestLegal.org

*\*\*Admitted Pro Hac Vice*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)(3)**

I hereby certify that the foregoing memorandum is in compliance with Local Rule 7.8(b)(2). The brief contains 598 words as computed by the word-count feature of Microsoft Office Word.

/s/ Noel H. Johnson
Noel H. Johnson
njohnson@publicinterestlegal.org
Counsel for Plaintiff
